Nebeker, Senior Judge, dissenting:
 

 I respectfully dissent from my colleagues' remand to flesh out an already fleshy post-trial, pre-verdict monologue. Despite no request for a special verdict, the trial judge, none-the-less, delivered a prolonged and rambling monologue in which she discredited the officers' testimony about hearing and seeing a crash. She also went into her personal experiences driving and parking in this city. She then dwelt on Crawford's testimony and concluded that "perhaps" and "maybe" he did not have knowledge or cause to know that
 he collided with the other parked car. She described the testimony of the owner of that car as a minor "scratch" on his bumper. She then concluded that Crawford was "technically" guilty. Of course, there is no such verdict; there is either guilty beyond a reasonable doubt, or not guilty.
 
 See
 
 Super. Ct. Crim. R. 23(c).
 

 As Aristotle so opined, "what has happened cannot be made not to have happened. Hence Agathon is right in saying 'This only is denied even to God, the power to make what has been done undone.' " 19 ARISTOTLE, NICOMACHEAN ETHICS , Book VI, § 2 (H. Rackham trans., Harvard University Press 1934). However, this is precisely what my colleagues seek to do in remanding this case, instead of ruling on the record present before us. This is an error because, in modern jargon, once an expression of innocence is conveyed by the trial judge, that expression is "in the cloud," i.e. it cannot be taken back or unsaid. The trial judge was permitted to render a general verdict, as she was not asked to render a special verdict. A general verdict implicates The Prevailing Party Rule where on appeal we read the record in the light most favorable to that party.
 
 Cherry v. District of Columbia
 
 ,
 
 164 A.3d 922
 
 , 929 (D.C. 2017). The language used by the trial judge in issuing the verdict is not to be taken lightly, particularly when an expression of a finding in favor of acquittal tips the balance of the evidence.
 
 See
 

 Fong Foo v. United States
 
 ,
 
 369 U.S. 141
 
 , 143,
 
 82 S.Ct. 671
 
 ,
 
 7 L.Ed.2d 629
 
 (1962) (upholding "the entry of a final judgment of acquittal" by the trial judge due to "supposed improper conduct on the part of the [prosecutor], and a supposed lack of credibility in the testimony of the witnesses for the prosecution" due to double jeopardy concerns).
 

 Standards of proof operate to "instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions" for a particular type of case and are "more than [ ] empty semantic exercise[s]."
 
 Addington v. Texas
 
 ,
 
 441 U.S. 418
 
 , 423, 424,
 
 99 S.Ct. 1804
 
 ,
 
 60 L.Ed.2d 323
 
 (1979) (internal quotations omitted). Three types of standards operate on a continuum of certainty in order to "allocate the risk of error between the litigants."
 

 Id.
 

 at 423
 
 ,
 
 99 S.Ct. 1804
 
 . For a preponderance of the evidence, the risk of error is "share[d] ... in roughly equal fashion"; "the clear and convincing standard" shifts the burden to the party with it; and the burden beyond a reasonable doubt places the risk "almost [ ] entire[ly]" on the government.
 

 Id.
 

 at 423-24
 
 ,
 
 99 S.Ct. 1804
 
 . Criminal cases require "the factfinder to reach a subjective state of near certitude of the guilt of the accused."
 
 Davis v. United States
 
 ,
 
 834 A.2d 861
 
 , 867 (D.C. 2003) (internal quotations omitted);
 
 In re Winship
 
 ,
 
 397 U.S. 358
 
 , 364,
 
 90 S.Ct. 1068
 
 ,
 
 25 L.Ed.2d 368
 
 (1970) ("[T]he reasonable-doubt standard is indispensable, for it impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue.") (internal quotation omitted). Here, the trial court placed Crawford's state of mind in his favor by stating that "maybe" "perhaps [he] didn't realize he had hit the car" and she further characterized his testimony as being "[un]aware" that he was involved in a collision. Therefore, I construe this record as reflecting the trial judge's doubt as to proof of an essential element of this offense and that doubt is, per force, the equivalent of "not guilty" as a matter of law. I would reverse and remand with directions to enter a judgment of acquittal. But perhaps or maybe the trial judge will construe this remand of the case to be plenary and see fit to acquit Crawford.